**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHARLES L. WATSON,

      Defendant-Appellant.

No. 97-3143
(D.C. No. 96-20078-01-EEO)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Charles L. Watson ("Watson") was convicted by a jury of one count of theft of mail. (See Aplt. App. at 3.) Watson appeals his conviction on the grounds that the jury was improperly exposed to evidence of prior criminal acts, in violation of Fed. R. Evid. 404(b), and that his conviction was based upon insufficient evidence. We affirm.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**Background**

Watson's conviction stems from an incident that occurred at his workplace, the Kansas General Mail Facility in Kansas City, on the night of June 6, 1996. a postal inspector observed Watson remove letters containing food stamps from a postal tray and place them in his waistband. (See Aplt. App. at 14-16 (Tr. Rec. at 24-26).)[1] As Watson moved towards an exit, the inspector undertook to apprehend him. During the course of the apprehension, Watson removed two food stamp letters from his waistband and threw them in a nearby mail hamper. (See Aplt. App. at 17-18.) A number of postal employees saw Watson throw the letters into the mail hamper as he was being apprehended. (See id. at 20-30.)

Watson was subsequently indicted for theft of mail and given a jury trial. During cross-examination at trial, the Government's prosecutor asked Watson if there were any criminal charges pending against him in the state of Louisiana. (See Aplt. App. at 39.) Before Watson could answer definitively either way, his attorney received permission to approach the bench. During this side bar Watson's attorney objected to the question and asked for a mistrial. The Government's prosecutor sought to have the court admit evidence of Louisiana criminal charges pending against Watson under Fed R. Evid. 404(b). The court

---

[1] The only direct access this court has to the trial record in this case is via the limited portions of the trial record included in Watson's Appellant's Appendix.

found that the prejudicial effect of any evidence of such charges would outweigh its probative value, and prohibited the Government prosecutor from continuing with that line of questioning. At the same time the court denied Watson's motion for a mistrial. (See id. at 39-41.) Apparently, at this juncture no curative instruction was asked for nor was one given. The jury subsequently found Watson guilty. Watson now appeals his conviction.

**Motion for mistrial**

This court reviews the trial court's ruling on motions for mistrial under an abuse of discretion standard. See United States v. Gabaldon, 91 F.3d 91, 94 (10th Cir. 1996). At trial, Watson's attorney moved for a mistrial on the basis that the jury was severely prejudiced against Watson merely by hearing the Government's question. On appeal, Watson argues that the court abused its discretion by not granting a mistrial upon the Government's improper admission of 404(b) prior conduct evidence against him. The latter claim ignores the fact that it is the *court* that admits evidence, not the *parties*, and here the court explicitly did not admit any evidence of state criminal charges against Watson. Watson never answered the question and the court forbade the Government from mentioning this evidence again. No evidence was submitted to the jury "from which it was allowed to draw

any impermissible inference," thus no violation of the Federal Rules of Evidence occurred. See Greer v. Miller, 483 U.S. 756, 764-65 (1987).

Even when no improper evidence has been admitted, the mere fact of an improper question by the prosecution can serve as the basis for a mistrial if the impropriety is "of sufficient significance to result in the denial of the defendant's right to a fair trial." Id. at 765 (quotations omitted). The prejudicial effects of an improper question may be cured by the court's immediate response to a timely objection and the issuance of curative instructions. See id. What's more, the improper question must not be taken in isolation, but must be seen in the context of the entire case. See id.; Gabaldon, 91 F.3d at 94. When the prejudicial impact is slight in comparison to the weight of the evidence against the defendant, the prejudice is harmless. See Greer, 483 U.S. at 765.

In this case, the court took prompt action to prevent the Government from pursuing the improper line of questioning any further. From the portion of the transcript provided us by Watson, it does not appear that the court issued a curative instruction, as it could have, nor did Watson's counsel request one. Because we do not have the entire trial transcript before us on appeal we do not know if the court issued a curative instruction later on at the jury instruction stage. However, even if the jury was prejudiced to some extent by the Government's improper question, any impact was harmless in light of the

evidence that was submitted to us in Watson's Appendix establishing that Watson did in fact commit the crime with which he was charged. The court did not abuse its discretion in refusing to order a mistrial.

**Sufficiency of the evidence**

Evidence is sufficient to support a criminal conviction if, viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Moreover, "the failure to file a trial transcript precludes review of a conviction for sufficiency of the evidence." United States v. Vasquez, 985 F.2d 491, 495 (10th Cir. 1993). Because Watson has failed to file a complete trial transcript as part of the record on appeal, we rule his sufficiency of the evidence claim to be waived.

**Conclusion**

For the reasons stated above, the jury's conviction of Watson for theft of mail is **AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge